# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **TIMOTHY L. JEFFERSON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | No. 3:21-cv-00155 |
| ) | Judge Trauger |
| **METROPOLITAN GOVERNMENT OF** ) | |
| **NASHVILLE AND DAVIDSON** ) | |
| **COUNTY, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM

Timothy L. Jefferson, an inmate at Trousdale Turner Correctional Center in Hartsville, Tennessee, filed a pro se civil rights complaint under 42 U.S.C. § 1983 (Doc. No. 1) and financial documentation reflecting his intent to proceed as a pauper (Doc. No. 2). The complaint is before the court for an initial review under the Prison Litigation Reform Act and the in forma pauperis statute.

**I.  Application to Proceed as a Pauper**

The court may authorize an inmate to file a civil suit without prepaying the filing fee. 28 U.S.C. § 1915(a). The plaintiff's financial documentation (Doc. No. 2), construed as an application to proceed as a pauper, reflects that he cannot pay the filing fee in advance without undue hardship. Accordingly, the plaintiff will be granted pauper status, and the $350.00 filing fee will be assessed as directed in the accompanying order. 28 U.S.C. § 1915(b)(1).

**II.  Initial Review**

The court must dismiss the complaint if it is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§

1915(e)(2)(B), 1915A(b). The court also must liberally construe pro se pleadings and hold them to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

### A. Factual Allegations

The plaintiff alleges that, on January 10, 2000, a police officer illegally took him into custody at the age of sixteen. (Doc. No. 1 at 2.) The plaintiff was detained at police headquarters and subjected to a "secret interrogation under 'Third Degree Practices,' without the benefit of a parent, a legal guardian, or a lawyer." (*Id.* at 2–3.) The officer "framed [the plaintiff] by forcing [him] to admit guilt to" unspecified crimes that the officer was investigating. (*Id.* at 3.) The plaintiff was then taken to the Davidson County Juvenile Detention Center and subjected to a transfer hearing where "there was no finding of probable cause by a neutral and detached magistrate that [he] had committed a crime prior to [his] warrant less arrest." (*Id.*) He has since been detained based on "invalid petition documents," meaning that "no legal process has ever been initiated to bring formal charges against [him]." (*Id.* at 3–4.)

The plaintiff sues the Metropolitan Government of Nashville and Davidson County, the Metro Police Department, the arresting officer, the Juvenile Court Clerk, and the unknown superintendent of the Juvenile Detention Center. (*Id.* at 1–2.) The plaintiff seeks $250,000,000 in damages and requests that the court "correct the denial of [his] fundamental, inalienable right to liberty." (*Id.* at 5.)

### B. Legal Standard

To determine if the complaint passes initial review under the applicable statutes, the court applies the Rule 12(b)(6) standard. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). The court therefore accepts "all well-pleaded allegations in the complaint as true, [and] 'consider[s] the

factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009)). An assumption of truth does not extend to allegations that consist of legal conclusions or "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

    **C.    Analysis**

"There are two elements to a § 1983 claim. First, a plaintiff must allege that a defendant acted under color of state law. Second, a plaintiff must allege that the defendant's conduct deprived the plaintiff of rights secured under federal law." *Handy-Clay v. City of Memphis, Tenn.*, 695 F.3d 531, 539 (6th Cir. 2012) (citations omitted).

Here, because the plaintiff is seeking to invalidate his confinement, this Section 1983 action is barred by the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994). "Under the *Heck* doctrine, a Section 1983 suit is not cognizable if it would 'necessarily' invalidate the plaintiff's conviction or sentence, unless the plaintiff can show the conviction or sentence had been set aside." *Sanders v. Detroit Police Dep't*, 490 F. App'x 771, 773 (6th Cir. 2012) (quoting *Heck*, 512 U.S. at 487). The plaintiff does not make such a showing here.

As explained by the Sixth Circuit, the purpose of the *Heck* doctrine "is to channel what amount to unlawful-confinement claims to the place they belong: habeas corpus." *Sampson v. Garrett*, 917 F.3d 880, 881 (6th Cir. 2019) (citing *Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005)); *see also Hill v. McDonough*, 547 U.S. 573, 579 (2006) (quoting *Muhammad v. Close*, 540 U.S. 749, 750 (2004)) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus."). And as this court noted when dismissing a similar Section 1983 action previously filed by the plaintiff, court records made clear that the plaintiff

3

"has thus far failed to" have "his allegedly unlawful incarceration remedied via state proceedings, or a federal writ of habeas corpus after exhaustion of those remedies." *Jefferson v. Metro. Gov't of Davidson Cnty. and Nashville, et al.*, No. 3:20-cv-00145, Doc. No. 5 at 4 (M.D. Tenn. Mar. 10, 2020) (Campbell, J.).

The court summarized the plaintiff's unsuccessful attempts to attack his conviction through March 2020 as follows:

> This Court dismissed Plaintiff's first petition for writ of habeas corpus under 28 U.S.C. § 2254 in 2006. Order, *Jefferson v. State of Tennessee*, No. 3:05-782 (M.D. Tenn. Apr. 5, 2006) (Echols, J.). Since then, the United States Court of Appeals for the Sixth Circuit has three times denied Plaintiff leave to file a second or successive Section 2254 petition. *In re: Timothy L. Jefferson*, No. 16-6157 (6th Cir. Mar. 23, 2017) (denying leave); *In re: Timothy L. Jefferson*, No. 14-6049 (6th Cir. May 28, 2015) (same); *In re: Timothy L. Jefferson*, No. 12-6085 (6th Cir. Feb. 22, 2013) (same). Plaintiff's numerous and on-going efforts to have the state courts invalidate his conviction have also been unsuccessful so far. *See, e.g., Jefferson v. State of Tennessee*, No. M2018-01638-COA-R10-CV (Tenn. Ct. App. Sep. 12, 2018) (dismissing application for extraordinary appeal challenging juvenile court order transferring case to criminal court); *Jefferson v. State of Tennessee*, No. M2018-01286-CCA-UNK-CO (Tenn. Crim. App. Jul. 25, 2018) (denying motion for plain error review and observing that "the Appellant's case has been the subject of repeated litigation").

*Jefferson*, No. 3:20-cv-00145, Doc. No. 5 at 4. Since the dismissal of the plaintiff's previous Section 1983 case, this pattern of unsuccessful challenges has continued. *See In re: Timothy Jefferson*, No. 20-5278 (6th Cir. Aug. 27, 2020) (order denying the plaintiff's fourth motion for leave to file a second or successive habeas petition); *Jefferson v. Washburn*, No. M2019-01723-CCA-R3-HC, 2020 WL 5960110 (Tenn. Crim. App. Oct. 8, 2020) (affirming summary dismissal of the plaintiff's state habeas corpus petition).

In short, this Section 1983 action is another in a long line of attempts to invalidate the plaintiff's conviction after failing to do so in federal and state court. This attempt is barred by

4

*Heck*, and so this action will be dismissed without prejudice. *See Sampson*, 917 F.3d at 881 (citation omitted) (reflecting that *Heck* dismissals are without prejudice).

## III. Conclusion

For these reasons, the plaintiff fails to state a claim under Section 1983 based on the *Heck* doctrine. Accordingly, this action will be dismissed without prejudice, and the court will certify that any appeal in this matter would not be taken in good faith. 28 U.S.C. § 1915(a)(3). The court, therefore, will not grant the plaintiff leave to proceed as a pauper on any appeal.

An appropriate order is filed herewith.

_____
ALETA A. TRAUGER
United States District Judge